## OWEN MURPHY *v.* JOHN A. HIGDON.

**Pleading—Amendment, Refusal of.**

In an action on a note given for the difference in the exchange of horses, in which defendant set up breach of warranty, and defendant filed an amended answer alleging that the contract was void as having been made on Sunday, and thereupon plaintiff tendered an amendment of his petition, alleging that defendant converted the horse which he got from plaintiff for his own use, the amendment of the petition was properly refused.

APPEAL FROM HANCOCK CIRCUIT COURT.

December 7, 1872.

OPINION OF JUDGE PETERS:

In an exchange of horses appellee executed to appellant his note for two hundred dollars as the difference between the horse he parted with, and the one he got from appellant.

This action was brought on the note after it matured, and appellee, as a defense in the first answer filed by him, pleaded that at the time of the exchange appellant represented that the horse he traded was sound in every particular, and that he, relying on the representation of appellant, made the exchange, but that very soon thereafter he discovered said horse was unsound and diseased in his eyes.

In an amended answer appellee alleged that said contract for the exchange of horses was made, and said note was executed, and delivered on Sunday, or the Christian Sabbath, and that the parties were not members of any religious society that observed as the Christian Sabbath any other day of rest, than that on which the note was executed and delivered.

After the amended answer was filed, appellant tendered, and asked permission of the court to file an amended petition, in which he alleged that appellee converted the horse he got of him to his own use, sold him and realized from the sale the sum of $150, and prayed judgment therefor.

This amendment the court below refused to permit appellant to file, and a verdict, and judgment having been rendered against him, he has appealed.

It is insisted for appellant that the court erred in refusing to permit him to file his amended petition, by which he sought to recover from appellee the value of the horse which he alleged he had converted, and to keep the one he got in exchange, an advantage which the law would not tolerate even if appellant had been without blame in the transaction.

These parties, as the evidence conduces to show, exchanged horses on Sunday, which as this court decided in *Murphy v. Simpson,* 14 B. Mon. 337, is a work, or business prohibited by the statute.

In that case an action was brought by Simpson against Murphy, with whom he had exchanged horses, for an alleged unsoundness of the horse he had gotten. Murphy pleaded that the contract, or exchange, was made and executed on the Christian Sabbath, in violation of the statute prohibiting labor or business to be done on that day; the court below adjudged his defense insufficient, and a verdict for forty dollars, and on an appeal by Murphy this court said exchanging, or as it is usually termed, swapping horses, is as much a trade, or business, as selling a horse or any other commodity would be; it is a violation of the statute when done on the

Sabbath day, the act is illegal, and consequently no contract arising out of it is enforceable.

The statute should not be extended by construction to embrace cases which are not clearly within its meaning; but at the same time it should be fairly construed, with a view to the accomplishment of the objects contemplated by the Legislature in its enactment, and we concluded that the defense was a valid one, and should have been sustained.

There is no perceptible difference in principle in the two cases, in the one quoted from the appellee had been injured by the exchange to the amount of $40. In this the injury may have been greater or less, but it is not material how that may be. The defendant may have the advantage contrary perhaps to the real justice of the case as between him and the plaintiff. This is not for the sake of the defendant, but on general principles of policy the court will not lend its aid to such a plaintiff. Both being equally in fault, the maxim *potior est conditio defendantes* applies; Chi. on Contracts, 731. The amended petition was therefore properly rejected, and there being no error in the giving and refusing instructions, the judgment is affirmed.

*James, for appellant.*

*Bush, Williams, for appellee.*

---

S. R. NEALE *v.* JAS. B. EVANS.

**Malicious Prosecution—Pleading—Proof.**

To maintain an action for malicious prosecution, it is necessary to allege and prove that the prosecution was instituted maliciously and without probable cause, both of which elements must concur.

**Malicious Prosecution—Probable Cause—Proof.**

Although the want of probable cause is negative in its form and character, still it must be proved by some affirmative evidence, unless such proof is dispensed with by the defendant by pleading the truth of the facts involved in the prosecution.

**Malicious Prosecution—Instruction—Burden of Proof.**

If the facts shown in an action for malicious prosecution were not sufficient to induce the belief on the part of defendant that the

charge was proved, and there was probable cause for the prosecution, the law is for the defendant, and an instruction that the burden of proof is on plaintiff to show that defendant caused the indictment to be found against plaintiff without probable cause, and must show that the material charges in the indictment were false, and if they were false, and yet defendant had good grounds to believe and did believe them to be true, and in good faith acted on such belief he was not liable, is a correct statement of the law.

**Malicious Prosecution—Instruction—Probable Cause.**

In an action for malicious prosecution, it is the duty of the judge to explain to the jury, when asked by any of the parties to do so, what amounts to probable cause.

APPEAL FROM WEBSTER CIRCUIT COURT.

December 7, 1872.

OPINION BY JUDGE PETERS:

This was an action instituted by appellee against appellant in the court below for a malicious prosecution and after the evidence on both sides had been concluded, appellant asked among others instruction "No. 9," which is substantially as follows:

That the burden of proof is on the plaintiff to show that the defendant caused the indictment to be found against him without probable cause, and must show that the material charges in the indictment were false, and if they were false still if the defendant had good ground to believe, and did believe them to be true and in good faith acted on such belief, this would excuse him. The court below refused the instruction and appellant excepted to the ruling.

To maintain the action it was necessary for appellee to allege and prove that the prosecution was instituted against him maliciously and without probable cause; both these must concur, and even if it should appear that it was malicious and unfounded, still if there was probable cause the action can not be maintained. And although the want of probable cause is negative in its form and character, still it must be proved by some affirmative evidence, unless that proof is dispensed with by the defendant by pleading the truth of the facts involved in the prosecution. 2 Graul, Secs. 449, 453-454.

In order to excuse appellant the jury were required by the instruction to believe form the evidence that he had good reason to believe, and did believe that the charges in the indictment were true,

*Gazlay, Yeaman & Reenecke, for appellant.*